FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.

★ SEP 3 0 2016 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
————————————————————————X

ANGELA BROWN,

           Plaintiff,

    - against -

MERMAID PLAZA ASSOCIATES, LLC,

           Defendant.
————————————————————————X

MEMORANDUM
AND ORDER
13-CV-760(AMD) (CLP)

On July 20, 2016, the Honorable Cheryl L. Pollak issued a report and recommendation recommending that I grant the plaintiff's motion to strike the defendant's supplemental expert report. (Dkt. Nos. 74, 76.) The defense argues in its objection to the report and recommendation that the plaintiff's motion to strike is a premature motion in limine that should have been made before me. In fact, Judge Pollak correctly determined that the motion to strike was properly before her because the defendant's specific request to retain a paving expert was directly related to the discovery process and to the court's previous orders. For the reasons stated below, I adopt Judge Pollak's thorough and well-reasoned report and recommendation in its entirety and strike the defendant's supplemental expert report.

## DISCUSSION

Under Federal Rule of Civil Procedure 72(a), a Magistrate Judge's report and recommendation on a non-dispositive issue must be set aside only if the order is "clearly erroneous or is contrary to law." The issue before Judge Pollak—whether to strike an expert's report—was not dispositive. Therefore, the defendant's claim that I must review the report de novo is incorrect. The conclusions in Judge Pollak's report and recommendation are neither clearly erroneous nor

1

contrary to law. In fact, I agree with her report in every respect, and had the issue been presented to me in the first instance, I would have reached the same conclusion.

Indeed, viewed under any standard, Judge Pollak's decision was obviously the right one. After all, it was the defense that told the judge that its expert in ADA compliance, Dominic Martinelli, was not also an expert in paving. Based on that representation, Judge Pollak gave the defense the opportunity—in the form of a lengthy adjournment—to find someone who did have an expertise in the field, only to have the defense proffer a so-called "supplemental expert report" by none other than Martinelli, the non expert. In an effort to defend the report, the defendant claimed that someone named Robert Lewis, of DuMor Construction Company, provided Martinelli with the basis for his report. At the same time, the defense opposed the plaintiff's request to depose Lewis. Judge Pollak denied the defense motion to preclude the deposition, since Lewis, by the defendant's own admission, was a source for Martinelli's report.

What followed was a series of justifications and about faces in which the defense claimed that Lewis was not an expert, that they had not retained DuMor, that DuMor had done nothing more than bid to repave the parking lot at issue, and that Martinelli was not relying on expert opinion, but was simply pointing to the evidence that the defendant had "attempted to procure a bid from a construction person." Judge Pollak rightly pointed out that the defense was attempting to use Martinelli as a conduit for Lewis' opinions and conclusions, and struck the report.

In short, Judge Pollak applied the correct legal analysis and properly recommended that I exclude the supplemental expert report. I adopt Judge Pollak's report and recommendation in its entirety.

## CONCLUSION

The plaintiff's motion to strike the defendant's supplemental expert report is granted.

**SO ORDERED.**

s/Ann M. Donnelly
Ann M. Donnelly
United States District Judge

Dated: Brooklyn, New York
September 30, 2016